IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § | CRIMINAL NO. 4:17-CR-00160-A |
| v. | | |
| MICHAEL BRABSON | | |

## MOTION TO WITHDRAW AND APPOINT COUNSEL

TO THE HONORABLE JUDGE MCBRYDE:

COMES NOW, **PASQUEL A. LEE**, counsel for MICHAEL BRABSON, and respectfully requests this Court to allow him to withdraw as counsel and appoint new counsel, and in support thereof would respectfully show:

I.

Attorney Pasquel A. Lee, was appointed by the Court to represent Mr. Brabson in his criminal case in the United States District Court for the Northern District of Texas. Defendant pled guilty on October 4, 2017 and was sentenced on February 16, 2018. Counsel discussed Mr. Brabson's appellate rights with him following the sentencing hearing and informed him that he had generally waived his rights of appeal, except in very limited circumstances, which includes a claim of ineffective assistance of counsel.

## II.

During Mr. Brabson's February 16, 2018 sentencing, counsel was first confronted with the Court's February 12, 2018. Unbeknownst to counsel and Mr. Brabson, the Court in its order informed it was disinclined to apply a sentencing adjustment pursuant to USSG §5G1.3(b).

## III.

Upon information and belief, on February 12, 2018 USPO Angela French filed a correction to the Pre-Sentence Report (PSR). Prior to February 16, 2018, the contents of this document were not disclosed to either counsel or Mr. Brabson.

## IV.

Upon information and belief, in USPO Angela French's correction to the PSR, she concluded that she made an error regarding Mr. Brabson's term of imprisonment resulting from his conviction in Case No. 4:14-CR-193-Y(01).

## V.

In the PSR dated December 26, 2017, Case No. 4:14-CR-193-Y(01) was included as relevant conduct to the instant offense.

## VI.

At PSR ¶ 121, USPO French cited USSG §5G1.3(b) as controlling application of the guidelines to Mr. Brabson's case.

## VII.

In the PSR addendum dated January 23, 2018, Case No. 4:14-CR-193-Y(01) was again included as relevant conduct to the instant offense. USPO French also reaffirmed PSR ¶ 121's reliance upon USSG §5G1.3(b) as controlling application of the guidelines to Mr. Brabson's case.

**Motion to Withdraw and Appoint New Counsel**

2

VIII.

As a matter of historical reference, in Case 4:14-CR-193-Y(01), Mr. Brabson was convicted of Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1). Specifically, on or about June 28, 2014, Mr. Brabson, being a person who had been convicted in a court of a crime punishable by imprisonment for a term in excess of one (1) year, that is, a felony offense, did knowingly possess in affecting interstate and foreign commerce, two firearms, to wit, and HS Produkt, Springfield Armory, Model XD45, .45 caliber pistol, bearing Serial No. US728989, and a Ruger, Model LCP, .380-caliber pistol, bearing Serial No. 378-87816. During the conspiracy which encompasses the instant offense, Mr. Brabson was arrested on July 3, 2014, and found to be in possession of a Jennings, .22-caliber, semiautomatic pistol.

IX.

Upon information and belief, in USPO Angela French's correction to the PSR, she deemed that because only one firearm is required for Mr. Brabson to meet the two-level enhancement pursuant to USSG §2D1.1(b)(1), his possession of the firearms on June 28, 2014 are irrelevant, and therefore, not part of the instant offense. Consequently, USPO Angela French, for the first time, concluded that Mr. Brabson was not subject to any adjustment pursuant to USSG §5G1.3(b). She further concluded that because Mr. Brabson's prior felony conviction was not part of the instant offense, PSR ¶ 57 and PSR ¶ 121 required amendment. PSR ¶ 57 was then amended to include Mr. Brabson's conviction on Case No. 4:14-CR-193-Y(01) and PSR ¶ 121 was deleted in its entirety.

### X.

Neither Counsel nor Mr. Brabson was aware of USPO French's corrections to the PSR prior to February 16, 2018. In fact, prior to February 16, 2018, **ALL** the government's responses and Mr. Brabson's responses to the PSR (including his motion to withdraw all objections) cited PSR ¶ 121 reliance upon USSG §5G1.3(b) as controlling application of the guidelines to Mr. Brabson's case.

### XI.

On February 16, 2018 [and without prior knowledge of USPO Angela French's: (a) recommendation that Case No 4:14-CR-193 would not be considered a part of the instant offense; and (b) omission of PSR ¶ 121] Counsel renewed Mr. Brabson's request to withdraw his objections and argued that despite the Court's disinclination, Mr. Brabson was entitled to a sentencing adjustment pursuant to USSG §5G1.3(b).

### XII.

On February 16, 2018, the Court concluded that Mr. Brabson was not subject to any adjustment pursuant to USSG §5G1.3(b). Relying upon US v. Moore (784 f.3d 398, 404-05 (7th Cir. 2015) and US v. Smith, 670 F. Supp. 2d 1316, 1324-25 (M. D. Fla. 2009), the Court stated it was reasonable to impose a consecutive sentence considering Section 3553(a) factors and Mr. Brabson was sentenced on count 1 to the following: BOP of 240 months; S/R of 3 years; and MSA of $100.

### XIII.

On February 16, 2018 (and following sentencing) Mr. Brabson informed Counsel that he wished to appeal his case.

## XIV.

On February 16, 2018 (and following sentencing) Counsel met with USPO French in the corridors of the NDTX. Counsel informed USPO French that Mr. Brabson was perplexed by the Court's failure to apply a sentencing adjustment pursuant to USSG §5G1.3(b), particularly given the Counsel's and the Government's response that to the extent that there was an overlap in relevant conduct between Case No. 4:14 CR-198-Y and the instant matter, § 5G1.3(b) outlines the appropriate procedure for the Court to follow to ensure an appropriate sentence of imprisonment.

## XV.

During this conversation, USPO French disclosed that due to influences beyond her control she was instructed to find Mr. Brabson's possession of the firearms on June 28, 2014 irrelevant, and therefore, not part of the instant offense. USPO French confirmed that she received this instruction prior to Mr. Brabson's sentencing. She admitted that her recent determination (i.e., Mr. Brabson's possession of the firearms on June 28, 2014 was not part of the instant offense) was not disclosed to Mr. Brabson or Counsel prior to February 16, 2018. She then made various statements that could be deemed favorable in Mr. Brabson's direct appeal.

## XVI.

On February 18, 2018 Counsel met with Mr. Brabson at the Federal Medical Center - Jail Unit (FMC-JU) in Fort Worth, Texas. Mr. Brabson informed Counsel that he wished to appeal his case. Counsel advised Mr. Brabson that due to his post-sentencing conversations with USPO French, it was possible that his continued representation could create a potential for conflict as counsel could be viewed as a witness to this event.

**Motion to Withdraw and Appoint New Counsel**

Mr. Brabson was further informed that counsel could not appear as both appellate counsel and witness. Mr. Brabson informed counsel that he understood same. He then furthered that counsel's failure to revive his objections at sentencing denied him effective assistance of counsel and as a result, an irretrievable breakdown in the attorney-client relationship had occurred.

## XVII.

Counsel filed Mr. Brabson's Notice of Appeal on February 19, 2018.

## XVIII.

Counsel believes it would be in Mr. Brabson's best interest to have new counsel appointed to him to pursue his appeal to: (1) avoid the potential attorney as witness conflict; and (2) allow new counsel to consider the full panoply of legal bases available to Mr. Brabson including any potential claim of ineffective assistance of counsel. Accordingly, counsel seeks to withdraw from this matter and be relieved of further responsibility for pursuing any appeal on behalf of Mr. Brabson.

## XIX.

There is not a succeeding attorney at present, and Counsel is requesting the Court to appoint Mr. Brabson new counsel to pursue any potential appellate grounds that might be available to Mr. Brabson.

## XX.

Counsel has been able to secure Mr. Brabson's written consent to this withdrawal and same is attached to this motion as Exhibit A. Mr. Brabson's current address at the Federal Correction Institute-Fort Worth is 3150 Horton Road Fort Worth, Texas 76190.

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully requests the Court to allow Pasquel A. Lee to withdraw as counsel in this cause and to appoint Mr. Brabson new counsel as he was determined to be in forma pauperis during the district court action.

Respectfully Submitted,

**PASQUEL LEE**

By: /s/ *Pasquel Lee*

Pasquel Lee
Texas Bar Number: 24076506

2201 Main Street #400-10
Dallas, TX 75201
Office Phone: (214) 935-3755
Fax Number: 1+ (214) 935-3754
E-mail: pat.lee@lawyer.com

## CERTIFICATE OF CONFERENCE

I certify that on February 16, 2018, I conferred with Assistant United States Attorney Shawn Smith regarding said motion, and he has no opposition to the granting of said motion.

By: /s/ *Pasquel Lee*
Mr. Pasquel Lee

## CERTIFICATE OF SERVICE

I certify that on February 19, 2018, I electronically filed this document with the Clerk of Court for the Northern District of Texas using the electronic case filing (ECF) system of the Court, and thereby served it on counsel of record in this case.

By: /s/ *Pasquel Lee*
Mr. Pasquel Lee
ATTORNEY FOR MICHAEL BRABSON
2201 Main Street
Suite No. 400-10
Dallas, TX 75201
Office Phone: (214) 935-3755
Fax Number: 1+ (214) 935-3754
E-mail: pat.lee@lawyer.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | CRIMINAL NO. 4:17-CR-00160-A |
| v. | § § | |
| MICHAEL BRABSON | § § § § | |

### DEFENDANT'S CONSENT TO WITHDRAWAL OF COUNSEL AND APPOINTMENT OF SUBSTITUTE COUNSEL

TO THE HONORABLE JUDGE JOHN MCBRYDE:

The undersigned, MICHAEL BRABSON, consents to the withdrawal of Pasquel A. Lee, as Attorney of Record and agrees that substitution of counsel in this cause is necessary for pursuing any potential appellate grounds that might be available to him.



s/ Michael Brabson

Motion to Withdraw and Appoint New Counsel
9